UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. GERALD FINKEL, as Chairman of the Joint Industry Board of the Electrical Industry,<br><br>Plaintiff,<br><br>-against-<br><br>GENEL WHOLESALE ELECTRICAL CO. INC. d/b/a GENERAL WHOLESALE ELECTRICAL COMPANY,<br><br>Defendant. | 19 CV 2781<br><br><u>**COMPLAINT**</u> |

Plaintiff, Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry, by and through his attorneys, Virginia & Ambinder, LLP, as and for his Complaint, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action by the administrator of a multiemployer pension plan to collect employer withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, as amended by the Multiemployer Pension Plan Amendments Act of 1980, Pub. L. No. 96-364, 94 Stat. 1208.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to sections 502(e)(1) and (f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1451(c).

3. Venue is proper in this judicial district pursuant to sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## PARTIES

4. Plaintiff, Dr. Gerald Finkel, is the Chairman of the Joint Industry Board of the Electrical Industry (the "Joint Industry Board"). The Joint Industry Board is the administrator of various employee benefit plans, including the Pension Trust Fund of the Employees Security Fund of the Electrical Products Industries (the "Pension Fund"), established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union") and employer associations and independent or unaffiliated employers in the electrical, elevator, sign, television, burglar alarm and other related industries. The Joint Industry Board maintains its principal place of business at 158-11 Harry Van Arsdale Jr. Avenue, Flushing, New York 11365.

5. Defendant, Genel Wholesale Electrical Co. Inc. d/b/a General Wholesale Electrical Company, is a corporation organized under the laws of the State of New York, with its most recent principal place of business located at 3240 Grace Aveune, Bronx, New York 10469.

## CLAIM FOR RELIEF

6. Plaintiff repeats the allegations set forth in pargraphs 1-5 above and incorporates them herein by reference.

7. At relevant times, Defendant was a party to, or agreed to be bound by, one or more collective bargaining agreements with the Union (the "CBAs").

8. Pursuant to the CBAs, Defendant was required to contribute specified amounts to the Pension Fund on behalf of each employee who performed specified categories of work.

9. The Pension Fund is a defined benefit pension plan subject to Title IV of ERISA, 29 U.S.C. §§ 1301-1461, and has a joint labor-management Board of Trustees in accordance with section 302(c)(5) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(c)(5).

10. The Pension Fund is a "multiemployer plan" within the meaning of section 3(37) of ERISA, 29 U.S.C. § 1002(37), and an "employee pension benefit plan" within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).

11. The Joint Industry Board is the "administrator" of the Pension Fund within the meaning of section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A). The Joint Industry Board and its members, including Plaintiff, are "fiduciaries" of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

12. In late 2018, Defendant permanently ceased all business operations, permanently ceased covered operations under the Pension Fund, and permanently ceased to have an obligation to contribute to the Pension Fund.

13. Defendant thereby effected a "complete withdrawal" from the Pension Fund within the meaning of section 4203(a) of ERISA, 29 U.S.C. § 1383(a), and incurred withdrawal liability to the Pension Fund under sections 4201 and 4211 of ERISA, 29 U.S.C. §§ 1381 and 1391.

14. Section 4219(c)(2)-(3) of ERISA, 29 U.S.C. § 1399(c)(2)-(3), provides that, as a general rule, an employer must pay withdrawal liability in a prescribed series of installments. However, section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), authorizes the acceleration of withdrawal liability upon a "default," as defined by law or by plan rules. In accordance with that statutory provision, section 9.1(I) of the Pension Fund's Trust Agreement provides, among other things, that the Joint Industry Board may declare an employer in default of its obligations to pay withdrawal liability if it reasonably appears to the Joint Industry Board that the employer has experienced a change in circumstances of a substantial nature from which it can be reasonably anticipated that future installments cannot be paid.

15. By letter dated March 6, 2019 (the "Notice and Demand"), the Joint Industry Board notified Defendant that it had incurred withdrawal liability to the Pension Fund in the amount of $753,394. Pursuant section 9(I) of the Trust Agreement, the Notice and Demand informed Defendant that it must pay that entire amount on or before April 1, 2019.

16. The Notice and Demand explained that, under section 9(I) of the Trust Agreement, Defendant's cessation of operations was a substantial change in circumstances that gave the Joint Industry Board reason to believe that Defendant would be unable to pay its withdrawal liability in accordance with the schedule that the statutory rules and the actuary's calculations otherwise would have prescribed (which, as detailed in an attachment to the Notice and Demand, would have entailed a series of payments over the next 20 years).

17. Consistent with the "pay now, dispute later" scheme prescribed by sections 4219 and 4221 of ERISA, 29 U.S.C. §§ 1399 and 1401, the Notice and Demand made clear that the payment deadline of April 1, 2019 applied notwithstanding any request for review or arbitration, or remaining deadline within which to seek review or to initiate arbitration.

18. As of April 1, 2019, Defendant had made no payment.

19. On April 1, 2019, Defendant told the Joint Industry Board that it intended to submit a request for review under section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), in which Defendant would seek a reduction in its withdrawal liability under section 4225 of ERISA, 29 U.S.C. § 1405. On April 4, 2019, as an accommodation to Defendant, the Joint Industry Board agreed to forbear until April 25, 2019 from enforcing its right to immediate payment of the entire assessed withdrawal liability of $753,394, subject to the conditions that, on or before April 18, 2019, Defendant would submit the financial documentation supporting its

arguments under section 4225, and would make an initial payment in the amount of $3,447.20. Defendant failed to comply with those conditions.

20. On April 23, 2019, the Joint Industry Board, on behalf of the Pension Fund and its Trustees, again demanded that Defendant immediately pay withdrawal liability in the amount of $753,394.

21. Defendant has paid no more than $10,341.60 toward its withdrawal liability.

22. Defendant is in "default" within the meaning of section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B).

23. Accordingly, pursuant to sections 502(a)(3) and (g)(2), 515, 4219(c)(6), and 4301(b) and (e) of ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2), 1145, 1399(c)(6), and 1451(b) and (e), the regulations thereunder, including 29 C.F.R. § 4219.33, and the Trust Agreement, Plaintiff is entitled to judgment against Defendant for withdrawal liability in the amount of $743,052.40; prejudgment interest thereon at the rate of 1.5% per month; an additional amount equal to the greater of the foregoing amount of interest or 20% of the foregoing amount of withdrawal liability; and all reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in prosecuting this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff judgment against Defendant for withdrawal liability in the amount of $743,052.40;

2. Award Plaintiff prejudgment interest at the rate of 1.5% per month;

3. Award Plaintiff liquidated damages equal to the greater of (a) the foregoing amount of interest, or (b) $148,610.48;

4. Award Plaintiff all reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in prosecuting this action; and

5. Award Plaintiff such further legal, equitable, or other relief as is just and proper.

Dated: New York, New York
May 11, 2019

Respectfully submitted,

VIRGINIA & AMBINDER, LLP

By: /s/ *Marc A. Tenenbaum*
Marc A. Tenenbaum
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080

*Counsel for Plaintiff*